

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 2, 2014**

**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RAUL HERNANDEZ, | § | CASE NO. 13-30616-HDH |
| | § | |
| Debtor. | § | |
| | § | |
| WILLIAM T. NEARY, | § | |
| UNITED STATES TRUSTEE | § | |
| Plaintiff, | § | |
| | § | ADVERSARY NO. 13-3267-HDH |
| v. | § | |
| | § | |
| ANTONIO CABALLERO AND | § | |
| AMERICAN PROCESSING | § | |
| CENTER, INC. | § | |
| Defendants, | § | |

### ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

1

The court heard the above-referenced adversary proceeding on June 30, 2014 and issued orally its findings, conclusions and rulings.  These findings of fact and conclusions of law supplement the oral ruling.

At trial, the Plaintiff offered 60 exhibits and two very credible witnesses in support of his case.  The Defendants offered no witnesses or evidence and in fact did not appear at the trial, though their counsel did.

Several points were established by the uncontroverted testimony of Mr. Hernandez.  Mr. Hernandez paid the Defendants $5,000, $3,000 of which he thought was for a modification of his home mortgage and the rest to help him after his house was posted for foreclosure.  Mr. Caballero, the individual Defendant, met Mr. Hernandez at the courthouse, assisted him in filling out the bankruptcy petition and other papers, gave him legal advice on his status as a consumer debtor and the need to make an installment payment to the Trustee, directed him to select chapter 13 on his petition, furnished him with a motion to extend the deadline for filing certain documents, and gave him a form to file a false credit counseling certificate indicating that Mr. Hernandez took the course before the bankruptcy case was filed.  The activities qualify Mr. Caballero and his company as "debt relief agencies" and "bankruptcy petition preparers" under 11 U.S.C. §§ 101(12A) and 110(a)(1), respectively.  As such, the Code requires disclosure, contracts, and honesty, and when those are lacking, severe penalties apply.

Ms. Shelby, an attorney, is familiar with Mr. Caballero.  Mr. Caballero referred certain clients to Ms. Shelby over the last few years, some of which Ms. Shelby assisted with their bankruptcy cases.  Ms. Shelby's testimony was credible and buttressed Mr. Hernandez's, as it clearly showed that the actions in this case are a part of a pattern by the Defendants.  In more

than one case, she was supplied by the Defendants with a false credit counseling certificate and she refused to file the bankruptcy case because of the suspicious activities of the Defendants.

It is worth noting that although he did not testify at trial, Mr. Caballero's deposition is part of the record and his testimony is not credible. He could not remember much about American Processing Center, Inc. He disclaimed knowledge of the false credit counseling certificates, though the uncontroverted testimony in the trial by credible witnesses shows they in fact came from him.

Mr. Caballero has apparently threatened Mr. Hernandez and his family for cooperating with the U.S. Trustee and testifying. Accordingly, in addition to the remedies announced in open court after the trial, Mr. Caballero is enjoined from directly, indirectly, or through an agent contacting Mr. Hernandez or any of Mr. Hernandez's family members, in any manner, including, in person, in writing, by phone, or email. The U.S. Trustee should put this additional injunction into the judgment under preparation.

###END OF FINDINGS AND CONCLUSIONS###